Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7200 | **DATE** | 5/13/2002 |
| **CASE TITLE** | Clifton Sayles vs. JoAnne B. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  **ENTER MEMORANDUM OPINION AND ORDER.** Plaintiff's motion for an award of attorney's fees under EAJA [doc. #20] is granted. Plaintiff's attorney, Barry A. Schultz is awarded fees in the amount of $7,151.62.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 14 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 5/13/2002 date mailed notice | |
| JJK | courtroom deputy's initials | | JJK | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

MAY 1 4 2002

| | | |
|---|---|---|
| CLIFTON SAYLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 00 C 7200 |
| | ) | Magistrate Judge Schenkier |
| JO ANNE B. BARNHART, | ) | |
| Commissioner, Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Clifton Sayles, has filed a motion for attorneys fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (2001). Mr. Sayles is considered a "prevailing party" under EAJA because this Court reversed and remanded the decision of the Commissioner denying Mr. Sayles's application for social security income ("SSI"). *Sayles v. Barnhart*, No. 00 C 7200, 2001 WL 1568850 (N.D. Ill. Dec. 7, 2001). The Commissioner opposes the motion, arguing that fees should not be awarded to plaintiff because the Government's position throughout the administrative proceedings, as well as the litigation, was substantially justified. For the reasons set forth below, the Court agrees that the Commissioner's position in defending the ALJ's decision was not substantially justified. We therefore grant the plaintiff's motion for EAJA fees (doc. # 20).[1]

I.

Under the EAJA, unless special circumstances make an award unjust, a court will award attorneys' fees to a prevailing party other than the Government if the position of the United States

---

[1] On March 12, 2001, by the consent of the parties to have a magistrate judge conduct all proceedings in this case, and to enter final judgment, pursuant to 28 U.S.C. § 636(c) (doc. ## 7, 8), the case was reassigned to this Court (doc. # 9).

was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The Commissioner's position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The Seventh Circuit has explained that the substantial justification standard requires that the Government show "that its position was grounded in '(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.'" *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (citing *Phil Smidt & Son, Inc. v. NLRB*, 810 F.2d 638, 642 (7th Cir. 1987) (quoting *Donovan v. DialAmerica Mkting, Inc.*, 757 F.2d 1376, 1389 (3d Cir. 1985)).

Under the EAJA, the Government bears the burden of proving that its position was substantially justified. *Hallmark Construction*, 200 F.3d at 1079; *see also Marcus*, 17 F.3d at 1036. In making a determination of substantial justification, a court may consider the Government's litigation position as well as its prelitigation conduct. *Marcus*, 17 F.3d at 1036. EAJA fees may be awarded if either the Government's prelitigation conduct or its litigation position is not substantially justified. *Id.* However, the district court is to make only one determination for the entire civil action. *Id.* This global assessment requires that the district court examine not simply whether the Government was substantially justified at the beginning or end of the proceedings, but also whether the Government was substantially justified in continuing to push forward at each stage. *Hallmark Construction*, 200 F.3d at 1081. If substantially justified in its position, the Government will not be ordered to pay fees under EAJA, even if the plaintiff prevailed in the underlying action. *See Berman v. Schweiker*, 713 F.2d 1290, 1295, n. 18 (7th Cir. 1983) ("Congress . . . made clear, . . . that, merely

2

because the government loses a case, a presumption does not arise that the government's position was not substantially justified"). *See also Young v. Sullivan*, 972 F.2d 830 (7th Cir. 1992); *Kolman v. Shalala*, 39 F.3d 173 (7th Cir. 1994); *Jackson v. Chater*, 94 F.3d 274 (7th Cir. 1996). We find that to be the case here.

In its summary judgment ruling, this Court pointed out serious shortcomings in the ALJ's decision that made it clear that the Commission was not substantially justified in defending it. *First*, the Court identified a serious inconsistency in the ALJ's decision: "the opinion of the [Vocational Expert] about available work that the ALJ adopted (R. 20, Finding No. 12) was based on a hypothetical that departs from the factual findings that the ALJ made (R. 20, Finding No. 6)." 2001 WL 1568850, *9. The Court found that the ALJ solicited testimony from a Vocational Expert ("VE") that Mr. Sayles could perform work that existed in substantial numbers based on a hypothetical that assumed Mr. Sayles could have some, but not concentrated, exposure to heights, and driving motorized vehicles. The ALJ adopted the VE's opinion based on that hypothetical, but then went on to find that Mr. Sayles could not work at unprotected heights or around moving and hazardous machinery – which the VE had opined would preclude Mr. Sayles from work that existed in substantial numbers. *Id.* at *8. We find it difficult to understand how the Commissioner would be "substantially justified" in defending a decision that contains this kind of inconsistency on the central issue in the case.

*Second*, the Court noted that the ALJ's decision appeared to be based on various credibility determinations that also were unexplained – such as, the credibility of Mr. Sayles's assertions concerning the frequency with which he must urinate, the extent of his depth perception problems, and the extent to which he must take breaks to rest his eyes. The credibility of those asserted

3

limitations also was critical because the VE testified that if any of them existed, they would preclude or at least "impact" Mr. Sayles's ability to find work. 2001 WL 1578850, *8. The ALJ's failure to provide any explanation for rejecting Mr. Sayles's asserted limitations was contrary to clear Seventh Circuit law. *See, e.g., Zurawski v. Halter*, 245 F.3d 881, 887, 889 (7th Cir. 2001) (the ALJ's decision must provide "a logical bridge from the evidence to the [conclusion]," that provides at least a "glimpse into the [ALJ's] reasoning"); *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000) (the deference normally accorded to an ALJ's credibility findings is premised on the ALJ providing an explanation so that the reviewing court can assess whether they are supported by substantial evidence or instead are "patently wrong"). Again, we do not believe that the Commissioner's defense of the ALJ's determination was "substantially justified" in the face of this controlling Seventh Circuit law.

Finally, we are unpersuaded by the Commissioner's argument that there were grounds in the record to support the ALJ's conclusion – even if she didn't provide them. A reviewing court cannot rectify defects in an ALJ's decision by "supply[ing] a ground for the agency's decision" that the ALJ did not provide. *O'Connor v. Sullivan*, 938 F.2d 70, 73 (7th Cir. 1991). Likewise, we do not think that the Court should find the Commissioner's defense of a clearly defective decision to be "substantially justified" by looking at a decision the ALJ might have written rather than the one she in fact wrote.

## II.

For the reasons set forth above, the Court finds that Mr. Sayles is entitled to recover attorneys' fees under the EAJA. Counsel for plaintiff seeks an award of attorneys' fees and costs in the total amount of $7,151.62 (Pl.'s Reply at 7; Pl.'s Ex. C). In determining the amount of fees to award, the Court takes into consideration the statutory rate of $125.00 per hour, plus any

justifiable cost of living increases to that hourly amount. 28 U.S.C. § 2412(d)(2)(A). The CPI in October 2000, the month plaintiff's counsel began work on this case, was 174.0, resulting in an hourly rate of $140.00 per hour. In March 2001, the CPI was 176.2, resulting in an hourly rate of $141.25. In August 2001, the CPI was 177.5, resulting in an hourly rate of $142.50. The amount of attorney time devoted to this case is 53.5 hours; the amount of paralegal time billed is one hour.

The Commissioner has not opposed the amount of time spent on the case or the hourly rates claimed; nor has the Commissioner contested the claimed costs. We find the requested amount reasonable based on the CPI and the controlling statutory provisions, and the amount of time devoted to the case reasonable for filing two summary judgment briefs and two briefs on the EAJA petition.

## CONCLUSION

Accordingly, the Court grants the plaintiff's motion for an award of attorney's fees under EAJA (doc. # 20) and directs an award of fees in the amount of $7,151.62, payable to the plaintiff's attorney, Barry A. Schultz.

ENTER:

/s/ Sidney I. Schenkier

SIDNEY I. SCHENKIER
**United States Magistrate Judge**

**Dated: May 13, 2002**

5